UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MICHAEL DENISTRAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:05-cv-1453-WTL-RLY |
| ) | |
| **EXCEL DECORATORS, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's Motion for Summary Judgment. The Plaintiff has not filed a response to the motion, and the time for doing so has expired. The Court, being duly advised, **GRANTS** the Defendant's motion for reasons set forth below.

On October 19, 2003, Denistran was working for his employer at a trade show in Memphis, Tennessee, by assisting in setting up and dismantling a show display. Denistran tripped over a carpet that had been rolled up by the agents, employees, or representatives of Defendant Excel Decorators, Inc. ("Excel Decorators") in the main aisle adjacent to a booth in which he was working. Denistran suffered physical injury as a result of this fall, requiring surgery to his knee and ongoing medical treatment. Denistran alleges that his injuries were caused by Excel Decorators' negligence.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Excel Decorators argues that it is

entitled to summary judgment because, under Tennessee law,[1] an employee's right to file a workers' compensation action against a third party is assigned to the employer if not pursued within one year of the date of injury, and Denistran did not file suit within one year. The Court agrees.

Under Tennessee law, a worker must file suit against a third party for injury within one year of the date of the worker's injury. TENN. CODE ANN. § 50-6-112(d)(1) (2007). If a worker fails to bring suit within one year of the date of injury, the right to such action is assigned to the worker's employer. *Id*. § 50-6-112(d)(2). The employer then has the exclusive right to bring such action, in its own name or on the worker's behalf, within six months of the assignment. *Id* . Section 50-6-112(d)(1) bars a worker from bringing an action against a third party once that right has been assigned to the employer. *See Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 884 n.3 (Tenn. 2005); *Taylor v. Linville*, 656 S.W.2d 368, 370 n.4 (Tenn. 1983); *Gibson v. Lockwood Prod. Div. of J.L. Underwood*, 724 S.W.2d 756, 760 (Tenn. Ct. App. 1986) ("This statute makes no provision for an extension on the behalf of the employee for an additional six-month period. The statute is clear. If the employee fails to bring suit within one year, then the cause of action is assigned to the employer for an additional six months.").

By failing to file suit within one year of his alleged injury, Denistran allowed his right to bring an action under TENN. CODE ANN. § 50-6-112(d)(1) to be assigned to his employer. Denistran is thus precluded from bringing the instant cause of action against Excel Decorators. Excel Decorator's motion for summary judgment accordingly is **GRANTED**.

---

[1]Excel Decorators relies on Tennessee law in its motion for summary judgment. Because Excel Decorators' motion is uncontested, Tennessee law governs the resolution of this case. *Wood v. Mid-Valley, Inc.*, 942 F.2d 425, 427 (7th Cir.1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.").

SO ORDERED: 10/02/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

William H. Kelley
KELLEY, BELCHER & BROWN
wkelley@kelleybelcherbrown.com

John F. Townsend
townsendlawfirm@sbcglobal.net